**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eli Sloan, | No. CV-20-08133-PCT-DLR |
| Petitioner, | **ORDER** |
| v. | |
| United States of America, | |
| Respondent. | |

Before the Court is Plaintiff's "Motion Under Federal Rules of Civil Procedure 60(b)(4) Relief from Judgment, Order, or Proceeding Because Defect in the Integrity of the Federal Habeas Proceeding as Judgment is Void for Lack of Personal Jurisdiction Over Counts 3, 4, & 6 (Reopen § 2255)" (Doc. 84). Plaintiff's motion is denied.

In an order issued December 14, 2021, the Court accepted the Report and Recommendation ("R&R") of Magistrate Judge Deborah M. Fine (Doc. 51), which recommended that Plaintiff's Motion to Vacate, Set Aside or Correct Sentence be denied. (Doc. 68.) In doing so, the Court overruled Plaintiff's 33 objections and denied his "Motion to Clarify Counts 3 & 4 (and 6) are not Within Indian Country." On January 12, 2022, Plaintiff filed a "Motion for Reconsideration from Denial of His § 2255" (Doc. 79). That motion was denied on February 7, 2022. (Doc. 81.) The jurisdictional issues raised in Plaintiff's current motion were raised in his habeas petition, his objections to the R&R, and his motion for reconsideration. The orders resolving each of these found Plaintiff's

claims to be meritless. Nothing presented in Plaintiff's latest motion changes the status of jurisdiction. The Court had subject-matter jurisdiction when the case was first tried, when he filed his habeas petition, when he filed his objections to the R&R, when he filed his motion for reconsideration, and today, when the Court denies his latest motion.

Plaintiff also requests the Court to recuse, alleging that the Court is biased because "Mr. Sloan has repeatedly made attempts to expose his wrongful conviction and deliberate fabrication of evidence which could and can . . . result in indictments against U.S. prosecutors, FBI agent and judge." (Doc. 84 at 1.) Recusal decisions are within the trial judge's sound discretion. *United States v. Wilensky*, 757 F.2d 594, 599-600 (3d Cir. 1985). There are two federal statutes that control when a federal judge should recuse. The first, 28 U.S.C. § 144, provides that a judge shall recuse if the party seeking recusal submits a "timely and sufficient affidavit" which illustrates that the judge has a personal bias or prejudice towards a party. The second, 28 U.S.C. § 455(b), provides that a judge shall recuse under a variety of circumstances, including if the judge has a personal bias or prejudice towards a party. Unlike § 144, however, § 455(b) does not include the requirement of a timely and sufficient affidavit. Furthermore, § 455(a) states that "a judge . . . shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Thus, there are two reasons for granting a motion for recusal: (1) the judge has a personal bias or prejudice towards a party, §§ 144 and 455(b)(1), or (2) the judge's impartiality might reasonably be questioned, § 455(a). "The bias must stem from an extrajudicial source and not be based solely on information gained in the course of the proceedings." *Hasbrouck v. Texaco, Inc.*, 842 F.2d 1034, 1045-46 (9th Cir. 1988). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves . . . , they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required ... when no extrajudicial source is involved." *Liteky v. U.S.*, 510 U.S. 540, 555 (1994) (internal citations omitted).

Plaintiff's request for recusal is based on his dissatisfaction with the Court for its

1 rulings on his various motions.  The motion is meritless.  There is no evidence of judicial
2 bias.
3 **IT IS ORDERED** that Plaintiff's "Motion Under Federal Rules of Civil Procedure
4 60(b)(4) Relief from Judgment, Order, or Proceeding Because Defect in the Integrity of the
5 Federal Habeas Proceeding as Judgment is Void for Lack of Personal Jurisdiction Over
6 Counts 3, 4, & 6 (Reopen § 2255)" (Doc. 84) is **DENIED**.
7 Dated this 12th day of April, 2022.

Douglas L. Rayes
United States District Judge